SHARP, W„ J.
Alexander appeals from the trial court’s order which summarily denied his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. On appeal, he raises two grounds.
Alexander argues the trial court erred in denying his motion to withdraw his guilty plea. In the case below he pled guilty to one count of attempted sexual battery and two counts of committing a lewd act upon a child.[1] This claim is procedurally barred since it is one that could or should have been raised on direct appeal. In fact, it was raised on his direct appeal to this court in 5D00-3336, as indicated by this court’s records in that case.
But even if we reach the merits of this point, Alexander is not entitled to relief. Alexander argues his counsel coerced him into entering into the plea by failing to show him medical evidence against him and by warning him he could be sentenced to 165 years in prison, if convicted at trial. The attached transcript of the plea hearing reflects that counsel discussed with him his options and the terms of the plea agreement. Since he was originally facing three life sentences on three capital sexual battery charges, any coercion that may have existed is solely attributable to the sheer seriousness of the charges themselves.
Alexander also claims his appellate counsel was ineffective. However, as the lower court points out in its order denying relief, a claim of ineffective assistance of appellate counsel is not cognizable in a rule 3.850 motion, but rather must be raised in a petition for belated appeal pursuant to Florida Rule of Appellate Procedure 9.141(c), filed in the appellate court.
*245 We affirm the lower court, but without prejudice to Alexander to file a petition for belated appeal properly raising the issue of ineffective assistance of appellate counsel.
AFFIRMED.
PETERSON and MONACO, JJ., concur.

. §§ 794.011(2) and 800.04(1), Fla. Stat. (1997).